UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEATHER CATHEY, | § § § | |
| Plaintiff, | § § | Case No. 4:15-cv-02979 |
| v. | § § | |
| MEMORIAL HERMANN HEALTH SYSTEM, | § § § | |
| | § | Judge Alfred H. Bennett |
| Defendant. | § § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**ARGUMENT**

**I.   MHHS has accurately stated and applied the pleading standards for an FCA retaliation claim.**

Cathey accuses MHHS of applying an improperly-heightened pleading standard to her False Claims Act retaliation complaint that wrongly requires her to plead "all facts supporting each and every instance of a false claim" that MHHS allegedly submitted to Medicare or Medicaid.  Resp. at 3; *see also id.* at 4 (MHHS "argues that Ms. Cathey should go so far as to identify specific patients, doctors, claim numbers, and other information that would purportedly put them on notice of their fraud.").  Of course, Cathey does not cite MHHS's Motion to Dismiss for those requirements, because MHHS has argued no such thing.  Rather, MHHS has asked the Court to hold Cathey to the ordinary Rule 8 pleading standard that applies to FCA retaliation claims in this circuit:  Cathey must plead "specific facts," *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2014), "that allo[w] the court to draw the reasonable inference that the

defendant is liable for the conduct alleged," *United States ex rel. Bennett v. Boston Scientific Corp.*, No. H-07-2467, 2011 WL 1231577, at *9 (S.D. Tex. Mar. 31, 2011). *See* Mot. to Dismiss at 3.[1]

It is well-settled law that MHHS cannot be held liable for FCA retaliation if Cathey's alleged internal fraud complaints were not supported by an objectively reasonable basis to believe that MHHS was defrauding the government. *United States ex rel. George v. Boston Scientific Corp.*, 864 F. Supp. 2d 597, 603–04 (S.D. Tex. 2012); *United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-CV-3396, 2014 WL 2618158, at *23 (S.D. Tex. June 12, 2014). Accordingly, ordinary pleading standards require Cathey to plead specific facts that, if true, show she had an objectively reasonable basis to believe that MHHS was defrauding the government.

## II.   Cathey has not pled a single fact showing her objectively reasonable basis to believe that MHHS was submitting fraudulent claims to Medicare or Medicaid.

As MHHS explained in its Motion to Dismiss, Cathey's complaint does not allege any facts that could show her objectively reasonable basis to believe that MHHS was fraudulently billing Medicare. MHHS cited numerous cases examining this essential element of an FCA retaliation claim, wherein courts considered whether the plaintiff's job duties gave her access to the employer's claim submissions to the government or whether the plaintiff otherwise had acquired information about the employer's submissions.[2] *See* Mot. to Dismiss at 5–6. Cathey does not allege that her job dispensing equipment had anything to do with MHHS's subsequent

---

[1] It is Cathey who misunderstands FCA retaliation pleading requirements. Cathey devotes much of her Response to discussing the pleading requirements of Federal Rule of Civil Procedure 9(b), which apply to FCA *qui tam* claims for fraud. *See* Resp. at 2–3, 4, 7. But Cathey has not brought a *qui tam* claim as a relator on behalf of the government; she has brought only a retaliation claim on her own behalf. *See* Amended Complaint at 1, ¶1; 7, ¶ 58. Courts have held that Rule 9 does not apply to FCA retaliation claims, *see United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-CV-3396, 2014 WL 2618158, at *23 (S.D. Tex. June 12, 2014), and MHHS has never argued otherwise.

[2] Cathey dismisses MHHS's cases because some of them were decided on summary judgment, not on a motion to dismiss. Resp. at 3–4. But MHHS cited these cases to demonstrate the types of facts that can establish the "objectively reasonable" element of a retaliation claim based on internal fraud complaints. Cathey is not required to *prove* those facts at this stage, but she is required to *plead* them.

billing practices, or that she otherwise had access to information about MHHS's billing that could reasonably lead her to conclude it was fraudulent.

The two cases that Cathey cites are consistent with MHHS's cited case law and only highlight why her complaint cannot survive dismissal. In *Palladino ex rel. U.S. v. VNA of S. New Jersey, Inc.*, 68 F. Supp. 2d 455 (D.N.J. 1999), the plaintiff pleaded that her supervisor personally instructed her to submit false claims to Medicare and Medicaid. *Id.* at 459. In *Abbott v. BP Exploration and Production, Inc.*, 781 F. Supp. 2d 453 (S.D. Tex. 2011), the plaintiff pleaded that he was personally responsible for managing the database of documents that were inappropriately used to obtain government permits. *Id.* at 457, 467. Thus, the plaintiffs in those cases survived motions to dismiss because, unlike Cathey, they *did* plead facts that showed the objectively reasonable basis for their beliefs that their employers had submitted false claims to the government.

In the end, Cathey essentially concedes that she has no knowledge of MHHS's billing practices. Cathey's Response argues that her complaint is sufficiently pleaded because she alleged that she "observ[ed] her coworkers sending Medicare patients medical equipment without a doctor's prescription," and this Court should infer from that allegation that MHHS subsequently billed Medicare for that equipment without a prescription. Resp. at 5. But inferences from pleaded facts must be "reasonable" for a complaint to withstand a motion to dismiss. *E.g.*, *Bennett*, 2011 WL 1231577, at *9. Even if MHHS dispensed equipment accessories to patients based on a dispensing order that only included the core equipment, that is no basis to infer that MHHS later billed Medicare for those accessories without first obtaining a physician's detailed order covering the accessories. Put another way, it is unreasonable for this Court to assume that MHHS's separate practices of dispensing equipment to patients and billing

the government rely on the same supporting documentation. Cathey certainly pleads no accompanying facts that would support that illogical leap.

## CONCLUSION

Contrary to Cathey's Response, this is not a case in which the defendant is wrongly asking the Court not to "assume the truth of all pleaded facts" or not "to liberally construe the facts pleaded" by the plaintiff. Resp. at 2, 4. This is a case in which *there are no* pleaded facts on an essential element of the plaintiff's claim. The Court should grant MHHS's Motion to Dismiss.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

By: */s/ Christina A. Bryan*
Christina A. Bryan, Attorney-in-Charge
State Bar No. 03264000
Federal I.D. No. 15042
Michelle S. Stratton
State Bar No. 24085606
Federal I.D. No. 2592215
Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2330
Fascimile: (713) 221-2320
cbryan@skv.com
mstratton@skv.com

*Attorneys for Defendant Memorial Hermann Health System*

Dated: January 5, 2016

5

**<u>CERTIFICATE OF SERVICE</u>**

  I certify that true and correct copies of the foregoing Motion and Reply were delivered to all counsel of record on January 5, 2016 via the Court's CM/ECF filing system.

              */s/   Christina A. Bryan*
               Christina A. Bryan